UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEVIN WEBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ADVISORS TRUST COMPANY, NATIONAL ADVISORS TRUST OF SOUTH DAKOTA INC., AND NAH SIDECAR I, LLC d/b/a NATIONAL ADVISORS CONCIERGE SERVICES, all d/b/a NATIONAL ADVISORS TRUST,<br><br>Defendants. | Case No. 4:24-cv-00162-FJG |

**PRELIMINARY APPROVAL ORDER**

Plaintiff and Defendants, by their respective counsel, have submitted a class action Settlement Agreement and Release (the "Settlement Agreement" or the "Settlement") to this Court and have applied under Rule 23 of the Federal Rules of Civil Procedure for an order: (1) preliminarily approving the terms and conditions set forth in the Settlement Agreement, (2) certifying the Class for purposes of providing notice to Class Members, (3) appointing Class Counsel; (4) approving the form and method of notice to Class Members, and (5) scheduling a Final Approval Hearing to consider final approval of the Settlement Agreement. The Court has given due consideration to the terms of the Settlement Agreement, the exhibits to the Settlement Agreement, the motion and suggestions in support of preliminary approval of the Settlement, and the record of proceedings, and now finds that the proposed Settlement should be preliminarily approved.

1

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendants in the above-captioned case (the "Parties").

## Preliminary Approval

3. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant is released. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

4. In deciding whether to grant "preliminary approval" to a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a fair, reasonable, and adequate compromise; and (2) whether "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

### *The proposed Settlement appears on preliminary review to be fair, reasonable and adequate.*

5. "Settlement agreements are generally encouraged, and are presumptively valid." *Huyer v. Wells Fargo & Co.*, 314 F.R.D. 621, 626 (S.D. Iowa 2016) (citing *In re*

*Uponor, Inc.*, 716 F.3d 1057, 1063 (8th Cir. 2013)). "A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (quoting *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990)). This presumption is particularly strong "in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005). And the presumption is even stronger where the settlement is the product of arm's-length negotiations facilitated by a mediator. *Huyer*, 314 F.R.D. at 626. The "guiding principle" is that "a class action settlement is a private contract negotiated between the parties" and thus the Court's review is limited to ensuring "that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned." *Marshall v. National Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)). A court's decision on fairness will be affirmed absent a clear abuse of discretion. *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

6. In the Eighth Circuit, courts use four factors, commonly known as the *Van Horn* factors to evaluate the fairness of a proposed settlement, along with additional factors recently codified in the 2018 amendment to Federal Rule of Civil Procedure 23(e)(2). *Van Horn*, 840 F.2d at 607; *Swinton v. SquareTrade, Inc.*, No. 4:18-CV-00144-SMR-SBJ, 2020 WL 1862470, at *5 (S.D. Iowa Apr. 14, 2020) (holding that it is "appropriate for the Court to consider the Rule 23(e)(2) factors along with the *Van Horn* Factors."); *In re Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2019

WL 7160380, at *1 (W.D. Mo. Nov. 18, 2019). The four *Van Horn* factors are: (1) the merits of the plaintiffs' case weighed against the terms of the settlement; (2) the defendants' financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Van Horn*, 840 F.2d at 607. The additional Federal Rule of Civil Procedure 23(e)(2) factors are:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3);
> and
> (D) the proposal treats class members equitably relative to each other.

No one factor is determinative, but the "most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Van Horn*, 840 F.3d at 607.

7. The *Van Horn* factors favor preliminary approval here. The Settlement Agreement provides class-wide relief in the form of direct, cash payments to Class Members, along with credit monitoring and data security enhancements, which compares favorably against the risks, costs, and delays of further litigation. Defendants' ability to pay is neutral, as it was not a factor affecting the amount of the Settlement. The complexity and expense of further litigation weighs in favor of preliminarily approving the Settlement: in the absence of the Settlement, the parties would have engaged in extensive motion practice, including a possible appeal, and further discovery and expert discovery. Finally,

at this stage there is also no opposition to the Settlement, although the Court will consider any objections by class members at final approval.

8. The additional Federal Rule of Civil Procedure 23(e)(2) factors also favor preliminary approval. First, Plaintiff has participated in this litigation to achieve relief for himself and the Class, and Class Counsel has achieved this desired result through the Settlement. Second, the Settlement is the result of arm's-length negotiations among experienced counsel on both sides, following mediation before an experienced mediator. Third, the Settlement Fund appears to be adequate when considering the substantial costs, risks, and delay of proceeding to a trial or a possible appeal. Class Members can make claims for the relief they deem appropriate and need not provide any evidence to claim credit monitoring or a cash payment. Fourth, any award of attorneys' fees will be subject to the review and approval of this Court at the Final Approval Hearing. And because Plaintiff's motion for attorneys' fees will be made prior to the Class Members' deadlines to object to or exclude themselves from the Settlement, Class Members will have the opportunity to review the attorneys' fees before deciding whether or not to opt out of or object to the Settlement. Finally, the proposed distribution of the Settlement Fund also appears preliminarily fair, reasonable, and adequate because it distributes the settlement funds to provide relief both for Class Members who have suffered monetary loss from the Data Security Incident as well as those who have not. For all of these reasons, the Court finds that it "will likely be able to" grant final approval under Fed. R. Civ. P. 23(e)(2) and that preliminary approval is therefore warranted so that notice of the Settlement can be disseminated to the Classes.

*<u>The Court is likely to certify the Class for judgment on the Settlement.</u>*

9. In deciding whether the court "will likely be able to certify" the class for purposes of entering judgment on a settlement, the Court evaluates whether the proposed class meets the four requirements of Rule 23(a) and any one of the requirements of the subsections of Rule 23(b), in this case, subsection 23(b)(3). *See, e.g., In re Pre-Filled Propane Tank Antitrust Litig.*, 2019 WL 7160380, at *3. Under Rule 23(a), the proposed class must satisfy the four "requirements of numerosity, commonality, typicality, and fair and adequate representation." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013).

10. Numerosity is satisfied if there are merely twenty or more class members. *Ark. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763, 765 (8th Cir. 1971) (twenty class members sufficient to satisfy numerosity). Here, there are over 14,000 Class Members; therefore, the numerosity requirement is satisfied.

11. Commonality requires only that there are common issues of law or fact and "is easily satisfied in most cases." *Hand v. Beach Entm't KC, LLC*, No. 4:18-CV-00668-NKL, 2020 WL 3163672, at *26 (W.D. Mo. Apr. 27, 2020). Commonalty exists if the claims "depend upon a common contention" that "is capable of classwide resolution," such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, Plaintiff and the Class Members allege the same injury – exposure of their private information as part of the Data Security Incident – and the controversy turns on core legal issues of Defendants' duties and actions with respect to security of the Plaintiff's and Class Members' private information. Therefore, the commonality requirement is met.

12. Typicality just "means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). It is "fairly easily met," and "[f]actual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1039 (8th Cir. 2018). Here, again, Plaintiff and the Class Members allege the same injury – the exposure of their private information in the Data Security Incident – so the typicality requirement is met.

13. "The adequacy requirement is met where: '1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously; and 2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'" *Hand*, 2020 WL 3163672, at *28 (quoting *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 458 (W.D. Mo. 2004)). Plaintiff and Class Counsel have competently and vigorously prosecuted this action on behalf of Plaintiff and the Class, resulting in the Settlement. Plaintiff's interests in this litigation are aligned to those of other Class Members because all of the claims relate to the Data Security Incident. The adequacy requirement is met.

14. The requirements of Rule 23(b)(3) are satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "[T]he predominance requirement is relaxed in the settlement context." *Hand*, 2020 WL 3163672, at *28. In this Circuit, predominance is satisfied "if the common, aggregation-enabling, issues in the

case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 374–75 (8th Cir. 2018) (quotation and citation omitted). The test is not whether any individual issues exist, but is simply whether one or more of the central issues in the case is common to the class." *Id.* (citation omitted). Here, the core issue of Defendants' duties and actions with respect to security of the Plaintiff's and Class Members' private information predominate over other issues. Furthermore, a class action is the superior method of adjudicating the present claims for all parties as Class Members need not bring individual actions to obtain relief and Defendant can resolve all members' claims through the Settlement. For these reasons, the predominance and superiority requirements are met.

15. The Court therefore finds that the requirements for preliminary approval have been met and conditionally certifies the following Class for purposes of issuing notice of the Settlement: All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendants' data security incident that occurred between February 2023 and April 2023. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

16. The Court appoints Lynn A. Toops of Cohen & Malad, LLP; J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, and Samuel J. Strauss of Strauss

8

Case 4:24-cv-00162-FJG    Document 32    Filed 02/11/25    Page 8 of 12

Borrelli PLLC as Class Counsel, and appoints Plaintiff as Class Representative. Fed. R. Civ. P. 23(g).

## Notice to Class Members

17. Once the court finds that the requirements for preliminary approval are met, it "must direct notice in a reasonable manner to all class members" to inform them of the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). Notice may be given by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state in plain, easily understood language:

    (i)   the nature of the action;
    (ii)  the definition of the class certified;
    (iii) the class claims, issues, or defenses;
    (iv)  that a class member may enter an appearance through an attorney if the member so desires;
    (v)   that the court will exclude from the class any member who requests exclusion;
    (vi)  the time and manner for requesting exclusion; and
    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

18. The proposed notices included in the Settlement Agreement meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). Furthermore, the manner of distribution of (1) the Long Form Notice by posting to the settlement website and (2) the Short Form Notice by email and mail is hereby approved by this Court as the best notice practicable to the Classes. The form and manner of notice proposed in the Settlement comply with Rules 23(c) and (e) and the requirements of Due Process.

## Class Member Responses

19. A Class Member who wishes to exclude himself or herself from the Settlement Agreement, and from the release of claims and defenses provided for under

the terms of the Settlement Agreement, shall submit a request for exclusion by mail to the Settlement Administrator. For an exclusion request to be valid, it must be postmarked no later than sixty (60) days after the notice is first sent. Any request for exclusion shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Settlement Agreement, and shall be signed and dated. Class Members who submit a timely and valid request for exclusion from the Settlement shall not participate in and shall not be bound by the Settlement. Class Members who do not timely and validly opt out of the Settlement in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

20. Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement. To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Court. The objection must be postmarked no later than sixty (60) days after the date notice is first sent, and must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's background and prior experience; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member and his/her

10

attorney, if applicable, have submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before the U.S. District Court for the Western District of Missouri, and must file a written appearance. Copies of the appearance must be served on Class Counsel and counsel for Defendant in accordance with the Federal Rules of Civil Procedure. Any Class Member who does not make his or her objection known in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement.

**Plaintiff's Motion for Attorneys' Fees, Plaintiff's Motion for Final Approval of the Settlement, and Final Approval Hearing**

21. Class Counsel shall file a motion for approval of attorneys' fees and costs, and Plaintiff's service award, along with any supporting materials, no later than 14 days before the deadline for Class Members to object.

22. After the time for objections and opt-out requests has passed, the Court will consider whether to grant final approval, taking into account any objections raised by Class Members. Fed. R. Civ. P. 23(e)(2). Class Counsel shall file a motion for final approval of the Settlement 75 days after notice is first sent. A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at 9:00 o'clock, on June 17, 2025, at the Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, Missouri 64106, for the purpose of: (a) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether a

11

Case 4:24-cv-00162-FJG    Document 32    Filed 02/11/25    Page 11 of 12

Final Approval Order should be entered; and (c) considering Class Counsel's application for an award of attorneys' fees pursuant to Rule 23(h).

23. If the Settlement does not become effective, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated.

24. The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Date: February 11, 2025
Kansas City, Missouri

/S/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge