UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEVIN WEBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ADVISORS TRUST COMPANY, NATIONAL ADVISORS TRUST OF SOUTH DAKOTA INC., AND NAH SIDECAR I, LLC d/b/a NATIONAL ADVISORS CONCIERGE SERVICES, all d/b/a NATIONAL ADVISORS TRUST,<br><br>Defendants. | Case No. 4:24-cv-00162-FJG |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**FACTS AND PROCEDURAL BACKGROUND**

The proposed class action Settlement Agreement and Release (ECF No. 27-1 at pp. 3–62) that is before the Court resolves the claims in this case, in which Plaintiff alleges that approximately 14,118 individuals had their personally identifiable information ("PII") exposed to unauthorized parties in a data breach (the "Data Security Incident"). Under the Settlement, Defendants will pay $650,000 (over $46 per Class Member) into a non-reversionary Settlement Fund and will implement enhancements to their data security systems. The Net Settlement Fund will be used to: (a) pay claims by Class Members for documented monetary losses related to the Data Security Incident, up to $5,000 per claim; (b) provide three years of credit monitoring services; and (c) make pro rata distributions to Class Members without the need to show any proof of loss. The Settlement was reached after mediation with a third-party neutral and arm's-length negotiation by experienced counsel, and it represents a fair, reasonable, adequate compromise.

1

On February 11, 2025, this Court entered a Preliminary Approval Order (Doc No. 32) granting preliminary approval to the class action Settlement. As part of the Preliminary Approval Order, the Court:

- certified the Settlement Class under Federal Rules of Civil Procedure 23(a) and 23(b)(3), Preliminary Approval Order ¶¶ 9–15;

- appointed Lynn A. Toops of Cohen & Malad, LLP; J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC; and Samuel J. Strauss of Strauss Borrelli as Class Counsel, and appointed Plaintiff as Class Representative, *id.* ¶ 16;

- found that the Settlement satisfies the four *Van Horn* factors for finding a class action settlement to be "fair, reasonable, and adequate," *id.* ¶¶ 6–7;

- found that the Settlement satisfies the additional factors in Federal Rule of Civil Procedure 23(e) that courts consider when finding a class action settlement to be "fair, reasonable, and adequate," *id.* ¶ 8;

- found, in conclusion, that the Court "'will likely be able to' grant final approval under Fed. R. Civ. P. 23(e)(2)," *id.*;

- directed that notice be sent to the members of the certified Settlement Classes informing them of the terms of the Settlement and of their rights to opt-out of, or object to, the Settlement or any part of it, *id.* ¶¶ 17–18; and

- set a hearing for June 17, 2025, "for the purpose of: (a) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether a Final Approval Order should be entered; and (c) considering Class Counsel's application for an award of attorneys' fees pursuant to Rule 23(h)," *id.* ¶ 22.[1]

Notice was subsequently mailed and emailed to the 14,329 Class Members, informing them of the terms of the Settlement and of their rights to opt-out of, or object to, the Settlement, along with all of the information required under Fed. R. Civ. P. 23(c)(2). (Declaration of Mark Cowen in Support of Final Approval of Class Action Settlement ("Cowen Decl.") ¶¶ 6–8.) The

---

[1] On April 28, 2025, Plaintiff filed his Motion for Attorneys' Fees, Expenses, and Service Award, Doc. No. 34. No Class Members have objected to the requested fees, expenses, or service award.

notice campaign was highly successful. (*Id.* ¶¶ 8–9 (95% success rate).) CAFA notice was also sent to the appropriate regulators in each jurisdiction. (*Id.* ¶¶ 4–5.) The deadline to opt-out or object passed on May 12, 2025. As of the date of this filing, not a single regulator has objected, and not a single Class Member has objected. (*Id.* ¶ 20.) In fact, no Class Member even chose to opt out of the Settlement. (*Id.* ¶ 21.)

**DISCUSSION**

The fact that every Class Member has chosen to be part of the Settlement, and that no Class Member or regulator has objected, reinforces what this Court already found when it granted preliminary approval—the Settlement is "fair, reasonable, and adequate." Thus, the Court should grant final approval.

In the Eighth Circuit, in considering final approval, courts look to the four factors in *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (the "*Van Horn* factors"),[2] as well as the factors listed in Federal Rule of Civil Procedure 23(e)(2).[3] Here, the Court at preliminary approval already

---

[2] The four *Van Horn* factors are: (1) the merits of the plaintiffs' case weighed against the terms of the settlement; (2) the defendants' financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Van Horn*, 840 F.2d at 607.

[3] Under Rule 23(e)(2), a Court may grant final approval

only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

found that each of the Rule 23(e)(2) factors were met[4] and that three of the *Van Horn* factors supported approval, leaving the final factor, "the amount of opposition to the settlement," to be considered after notice to the Class Members and an opportunity for them to object.[5]

---

[4] Preliminary Approval Order ¶ 8:

The additional Federal Rule of Civil Procedure 23(e)(2) factors also favor preliminary approval. First, Plaintiff has participated in this litigation to achieve relief for himself and the Class, and Class Counsel has achieved this desired result through the Settlement. Second, the Settlement is the result of arm's-length negotiations among experienced counsel on both sides, following mediation before an experienced mediator. Third, the Settlement Fund appears to be adequate when considering the substantial costs, risks, and delay of proceeding to a trial or a possible appeal. Class Members can make claims for the relief they deem appropriate and need not provide any evidence to claim credit monitoring or a cash payment. Fourth, any award of attorneys' fees will be subject to the review and approval of this Court at the Final Approval Hearing. And because Plaintiff's motion for attorneys' fees will be made prior to the Class Members' deadlines to object to or exclude themselves from the Settlement, Class Members will have the opportunity to review the attorneys' fees before deciding whether or not to opt out of or object to the Settlement. Finally, the proposed distribution of the Settlement Fund also appears preliminarily fair, reasonable, and adequate because it distributes the settlement funds to provide relief both for Class Members who have suffered monetary loss from the Data Security Incident as well as those who have not. For all of these reasons, the Court finds that it "will likely be able to" grant final approval under Fed. R. Civ. P. 23(e)(2) and that preliminary approval is therefore warranted so that notice of the Settlement can be disseminated to the Class.

[5] Preliminary Approval Order ¶ 7:

The *Van Horn* factors favor preliminary approval here. The Settlement Agreement provides class-wide relief in the form of direct, cash payments to Class Members, along with credit monitoring and data security enhancements, which compares favorably against the risks, costs, and delays of further litigation. Defendants' ability to pay is neutral, as it was not a factor affecting the amount of the Settlement. The complexity and expense of further litigation weighs in favor of preliminarily approving the Settlement: in the absence of the Settlement, the parties would have engaged in extensive motion practice, including a possible appeal, and further discovery and expert discovery. Finally, at this stage there is also no opposition to the Settlement, although the Court will consider any objections by class members at final approval.

Rather than repeat the facts and arguments from preliminary approval, which already led the Court to find that the *Van Horn* and Rule 23(e)(2) factors support that the Settlement is a "fair, reasonable, and adequate" compromise and that the Class is properly certified, Plaintiff respectfully incorporates and reasserts that those facts and arguments now also support granting final approval.[6] The only additional factor for the Court to consider, "the amount of opposition to the settlement," also supports final approval: Class Members have—to a person—agreed with the Court's finding that this Settlement is a "fair, reasonable, and adequate compromise," as every Class Member has chosen to be a part of the Settlement. (Cowen Decl. ¶¶ 20–21.) Neither Plaintiff, Defendant, nor any Class Member objects to the Settlement, and every factor supports the Court entering the Final Approval Order so that the Settlement can become a final judgment and so that its benefits can be enjoyed by the Class Members.

## CONCLUSION

The Court should enter the proposed Final Approval Order.

---

[6] Specifically, Plaintiff incorporates Doc. Nos. 27, 27-1, and 32, which contain the motion for preliminary approval, suggestions in support, declaration in support, and the Court's Preliminary Approval Order.

Dated: May 27, 2025                    Respectfully Submitted,

/s/ John F. Garvey
**STRANCH, JENNINGS & GARVEY, PLLC**
John F. Garvey, #35879
Colleen Garvey, #72809
Ellen A. Thomas, #73043
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
(314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

**STRANCH, JENNINGS & GARVEY, PLLC**
J. Gerard Stranch, IV (*pro hac vice*)
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com

**COHEN & MALAD, LLP**
Lynn A. Toops, (*pro hac vice*)
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com

**STRAUSS BORRELLI, PLLC**
Samuel J. Strauss (*pro hac vice*)
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing document using CM/ECF, which served a true and correct copy upon all counsel of record in the above-captioned action on this May 27, 2025.

/s/ *John F. Garvey*
John F. Garvey