# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEVIN WEBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ADVISORS TRUST COMPANY, NATIONAL ADVISORS TRUST OF SOUTH DAKOTA INC., AND NAH SIDECAR I, LLC d/b/a NATIONAL ADVISORS CONCIERGE SERVICES, all d/b/a NATIONAL ADVISORS TRUST,<br><br>Defendants. | Case No. 4:24-cv-00162-FJG |

## ORDER GRANTING FINAL APPROVAL

Pending before the Court are plaintiff's Motion for Attorneys' Fees, Expenses, and Service Award (Doc. No. 34) and Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Doc. No. 38). Based on the documents on file with the Court and the arguments therein and presented at the Final Approval Hearing, having considered the absence of any opposition to either motion, both motions are hereby GRANTED for the reasons below.

**I.     PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD**

On April 28, 2025, plaintiff filed his Motion for Attorneys' Fees, Expenses, and Service Award (Doc. No. 34). In his suggestion in support of plaintiff's motion (Doc. No. 35), plaintiff requested that this Court approve an attorneys' fee award of $216,666.67 representing one-third of the value of the settlement amount of $650,000, reimbursement

1

to Class Counsel of costs and expenses in the amount of $4,321.37, and a service award to the Class Representative in the amount of $2,500.00.

In support of his proposed attorneys' fees, plaintiff asserts that the amount, calculated by using the "percentage-of-the-benefit" approach, is appropriate, fair, proper, and reasonable according to the following factors: (1) the benefit conferred on the class by the settlement; (2) the risk to which plaintiff's counsel was exposed (i.e., whether their fee was fixed or contingent); (3) the difficulty and novelty of the legal and factual issues of the case; (4) the skill of the lawyers, both plaintiffs' and defendants'; and (5) the comparison between the requested attorney fee percentage and percentages awarded in similar cases, citing the factors used by the Eighth Circuit in Caligiuri v. Symantec Corp., 855 F.3d 860, 866 (8th Cir. 2017). Plaintiff further asserts that the one-third fee amount is consistent with fees regularly awarded by the Eighth Circuit. See Caligiuri, which affirmed use of the "percentage-of-the-benefit" measure for attorneys' fees and affirmed a one-third fee; In re U.S. Bancorp. Litig., 291 F.3d 1035, 1038 (8th Cir. 2002), which used the same measure and affirmed a 36% fee; and Huyer v. Buckley, 849 F.3d 395, 399 (8th Cir. 2017), which used the same measure and affirmed a one-third fee.

In support of its proposed Class Counsel reimbursement, plaintiff asserts that the amount is appropriate and the litigation expenses are common and reasonable under Tussey v. ABB, Inc., No. 06-CV-04305-NKL, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved."). Finally, in support of its proposed Class Representative payment, plaintiff asserts that the amount is fair and reasonable and promotes the public policy of

2

encouraging individuals to undertake the responsibility of representative lawsuits consistent with the Eighth Circuit's rationale in Caligiuri, 855 F.3d at 867 (Doc. No. 35).

All arguments in plaintiff's motion being sound, the motion being unopposed, and the proposed awards, fees, and reimbursement being adequate, fair, proper, and reasonable, plaintiff's Motion for Attorneys' Fees, Expenses, and Service Award (Doc. No. 34) is hereby **GRANTED**. Accordingly, Class Counsel are hereby awarded $216,666.67 for attorneys' fees and $4,321.37 for reimbursed expenses from the balance of the Settlement Fund. The Class Representative, as identified in plaintiff's Suggestions (Doc. No. 35), is hereby compensated in the amount of $2,500.00 for his efforts in this case.

## II. PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On May 27, 2025, plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 38). The Court held a final approval hearing on June 18, 2025, and takes notice of the following:

Plaintiff Kevin Weber and Defendants National Advisors Trust Company, National Advisors Trust of South Dakota Inc., and NAH Sidecar I, LLC d/b/a National Advisors Concierge Services, all d/b/a National Advisors Trust, by their respective counsel, have submitted a Settlement Agreement and Release (the "Settlement Agreement" or the "Settlement", Doc. No. 27-1, pp. 3–62) to this Court and have applied under Rule 23(e)(2) of the Federal Rules of Civil Procedure for an order granting final approval of the Settlement;

This Court previously granted preliminary approval to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(1), on February 11, 2025, certified the proposed Class, appointed the Class Representative and Class Counsel, directed notice

to the Class of the proposed Settlement, and set a final approval hearing. (Doc. No. 32) (the "Preliminary Approval Order"); and Class Counsel has submitted the Declaration of Mark Cowen in Support of Final Approval of Class Action Settlement, attesting that notice was delivered to the Class in the form and manner specified in the Preliminary Approval Order, that the deadline for members of the Classes to object to, or opt out of, the Settlement expired on May 12, 2025, and that no Class Member has objected to, or opted out of, the Settlement.

The Court has considered all matters submitted to it at the final approval hearing and otherwise. Finding no just reason for delay in entry of this final approval order and good cause appearing therefore, IT IS HEREBY ORDERED:

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendant in the above-captioned case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. For the reasons set forth in the Preliminary Approval Order, the Court finds that the Classes meet the requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), and the Court hereby reaffirms its prior certification and certifies the following Class for entry of judgment on the Settlement:

> All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendants' data security incident that occurred between February 2023 and April 2023. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; and (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the

Defendants or their parents have a controlling interest, and their current or former officers and directors.

5. The Court reaffirms the appointment of the Plaintiff as Class Representative of this Class and of Plaintiff's counsel as Class Counsel.

6. The Court finds that notice to the Class was disseminated in accordance with the terms of the Settlement and as approved by the Court.

7. The Court finds that the notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of Due Process, was the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Class who could be identified through reasonable effort, and supports the Court's exercise of jurisdiction over the Class as contemplated in the Settlement Agreement and this Order.

8. For the reasons set forth in the Preliminary Approval Order, the Court further finds that the Settlement is "fair, reasonable, and adequate," taking into consideration the factors set forth in Fed. R. Civ. P. 23(e)(2), as well as the factors set forth in <u>Van Horn v. Trickey</u>, 840 F.2d 604, 607 (8th Cir. 1988). In addition to the reasons explained in the Preliminary Approval Order, the Court finds that the final <u>Van Horn</u> factor to be considered, namely "the amount of opposition to the settlement," also supports final approval. After notice and an opportunity to object, no Class Member has objected to or even opted out of the Settlement.

9. The Class Representative and Class Counsel have fairly and adequately represented the interests of the Class, and the Settlement is the product of good-faith, arm's-length negotiations.

10. The Settlement Agreement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Settlement Agreement, and the parties are authorized to implement that distribution after deductions for fees, expenses, and service awards as approved by the Court. The Court orders the Parties to comply with and implement the terms of the Settlement Agreement in all respects.

11. Upon the Effective Date, the Releases set forth in paragraphs 90–96 of the Settlement Agreement shall become binding and effective.

**IT IS SO ORDERED**.

Date: June 18, 2025
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge